IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MITCHELL VIRGIL, SR., ET AL.** § | | **PLAINTIFFS** |
| § | | |
| v. § | | **Civil Action No.1:01cv193LG-RHW** |
| § | | |
| **CITY OF GULFPORT, et al.** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT BASED UPON QUALIFIED IMMUNITY**

BEFORE THE COURT is a Motion of the Defendants Bill Bennett and Brian Donavant for Summary Judgment pursuant to FED. R. CIV. P. 56.  The remaining Defendants are police officers employed by the City of Gulfport, Mississippi.  These officers were involved in an attempted arrest which resulted in the use of deadly force.  A civil complaint, pursuant to 42 U.S.C. § 1983, alleging the use of excessive force was filed in this Court.  According to the Motion, Defendants argue that as a matter of law they are entitled to rely upon the defense of qualified immunity.  After careful consideration of the motion, the pleadings and affidavits on file and the relevant legal authority, it is the opinion of the Court that the Motion should be granted.

FACTS AND PROCEDURAL HISTORY

On the afternoon of April 8, 2000, the Gulfport Police Department received a 911 emergency call regarding a black pick-up truck, occupied by the driver and one passenger, traveling South on U.S. Highway 49.  According to the caller the truck was being driven in a reckless manner.  The caller also noticed that the passenger of the vehicle "had a beer bottle in

his hand." The police dispatcher relayed the information via radio. Brian Donavant, an officer with the Gulfport Police Department, heard the radio call. He observed a pick-up truck which matched the description proceeding south on Highway 49. Observing that the vehicle was being operated in an erratic fashion, Donavant effectuated a traffic stop. Within minutes Donavant was joined by fellow officer, Bill Bennett. The driver of the vehicle advised Bennett that a pistol was located under the driver's seat of the truck. Bennett retrieved a loaded .45 caliber pistol from beneath the drivers seat. Bennett gave the weapon to Donavant who secured it in his patrol car. Donavant then asked the passenger, Mitchell Virgil, Jr., to exit the truck and submit to "pat down" search. Virgil got out of the truck. Donavant then attempted to conduct the pat down, however Virgil resisted. It was at that moment that Donavant realized that Virgil had a concealed firearm in the waistband of his pants. A struggle for control of the weapon ensued between Donavant and Virgil. Bennett joined the fray, but the officers could not subdue Virgil. Instead, Virgil was able to draw the weapon, gaining control of the grip end of the firearm while Bennett attempted to hold on to the barrel and cylinder portion. Repeated commands to release the weapon were ignored. Fearing the worse, Donavant pulled his service revolver and fatally shot Virgil.[1] The weapon was identified as a loaded .357 magnum revolver. It was later

---

[1]Movants have also attached the affidavits of Lois Pleasant and Bernice Beskow, who both observed the altercation between Virgil and Officers Donavant and Bennett. According to Pleasant, she observed Virgil with his hand on the handle of a gun that was in the waist/pants pocket area and then saw Virgil point the weapon at one of the police officers. Pleasant also overheard the officers repeatedly yell "stop" to Virgil. Pleasant was certain that Virgil was going to shoot his weapon at the officers. ¶¶ 5, 7, *Affidavit of Lois Pleasant, attached as Ex. "K" to Rebuttal in Support of Motion for Summary Judgment.* According to Beskow, it appeared that Virgil was trying to struggle to get to whatever may have been concealed in the front right pants pocket as the struggle ensued." ¶ 8, *Affidavit of Lois Pleasant, attached as Ex. "K" to Rebuttal in Support of Motion for Summary Judgment.*

determined that at the time of the incident Virgil was intoxicated.[2]

On July 1, 2005, Donavant and Bennett filed a FED. R. CIV. P. 56 Motion for Summary Judgment.  They contend that the use of deadly force was necessary and that they are shielded from liability under the doctrine of qualified immunity.

DISCUSSION

Qualified immunity protects police officers from suit unless their conduct violates a clearly established constitutional right.  *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  To analyze a qualified immunity claim the court determines whether the plaintiff has alleged the violation of a clearly established constitutional right, and, if so, whether the individual defendant's conduct was objectively reasonable.  *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).  Claims that police officers used excessive force are analyzed under the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  "While it is not always clear just when minimal police interference becomes a seizure, there can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment."  *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985).  Thus, a claimant must show injury suffered as a result of force that was objectively unreasonable.  *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996).  The fact that a claim arises out of the use of deadly force does not affect the qualified immunity analysis.  *Saucier v. Katz*, 533 U.S. 194, 205-06, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).  In this case the Plaintiffs must present competent and admissible

---

[2] The shooting was investigated by the Harrison County Grand Jury.  A toxicology report revealed that Virgil's blood alcohol concentration was .137 per cent.

summary judgment evidence to demonstrate that the Defendants' use of deadly force was objectively unreasonable. *Hawkins v. Ford Motor Credit Co.*, 210 F.3d 540-545 (5th Cir. 2000).

The use of deadly force is not unreasonable when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others. Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276-77 (5th Cir. 1992)(deadly force is justified if a police officer is firing to prevent his own death or serious bodily injury). The Fifth Circuit has also held that if a suspect's movements give an officer reasonable cause to believe that there is a threat of serious physical harm, the use of deadly force is not a constitutional violation. *See Young v. City of Kileen, Texas*, 775 F.2d 1349, 1353 (5th Cir. 1985). "If an officer reasonably, but mistakenly, believe[s] that a suspect [is] likely to fight back, for instance, the officer would be justified in using more force than in fact was needed." *Saucier,* 533 U.S. at 205. In other words, a police officer "could make a constitutionally reasonable judgment based on a factual misperception." *Snyder v. Trepagnier,* 142 F.3d 791, 800 (5th Cir.1998), *cert. granted in part,* 525 U.S. 1098, 119 S.Ct. 863, 142 L.Ed.2d 716, *cert. dismissed,* 526 U.S. 1083, 119 S.Ct. 1493, 143 L.Ed.2d 575 (1999).

Most significantly, Plaintiffs have failed to present competent summary judgment evidence tending to demonstrate the existence of a material fact issue. In determining whether there is any genuine issue of material fact, the Court is guided by the holding in *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 324, 106 S.Ct. 2548, 2552, 2553, 91 L.Ed.2d 265 (1986). A properly supported summary judgment motion requires the nonmoving party to go beyond the pleadings and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324, 106 S.Ct.

at 2553.  *See also* Fed.R.Civ.P. 56(e).  At the summary judgment stage the nonmoving party must present evidence-not absolute proof, but not mere allegations either.  *Reese v. Anderson,* 926 F.2d 494 (5th Cir. 1991)(citations omitted).  Here, Plaintiffs have relied upon the allegations in the complaint,[3] an inadmissible witness statement[4] and immaterial comments from another witness.[5]  Neither of these witnesses' contradict the salient facts.  Even accepting these witnesses' statements as true a reasonable jury could not ultimately conclude that Defendants' conduct was objectively unreasonable.

The Plaintiffs have failed to demonstrate the existence of specific facts showing that there is a genuine issue for trial under exacting standards of FED. R. CIV. P. 56.  Virgil, while intoxicated, attempted to retrieve a concealed firearm during a lawful police detention.  During the ensuing struggle with uniformed officers he ignored repeated warnings and orders to desist.

---

[3] "In the case at bar, the Plaintiffs allege sufficient facts to establish that the force used by Defendants Donavant and Bennett was both excessive and objectively unreasonable."  *See Plaintiffs' Response to Defendant" Third Motion To Dismiss* at 6.

[4] "Scott Macchio, stated in his sworn deposition that both officer were attempting to restrain the passenger.[Virgil] One of the officers, [Donovant] stepped away, pulled his weapon, and fired several shots.(See Exh.B, Macchio's depo, pg. 11, lines 13-23).  When asked whether he'd seen a weapon in the passenger's [Virgil] hand, Mr. Macchio replied, 'I *never* saw a weapon in his hand.'  (Id., pg. 12, lines 6-11)."  *See Plaintiffs' Response to Defendant" Third Motion To Dismiss* at 4. Unfortunately, this deposition was struck by this Court for failure of the Plaintiffs to properly notice the taking of the deposition. Defendants' counsel were not present. Additionally, Defendants have attached an affidavit obtained from Macchio in which he states that he observed Mitchell Virgil, Jr. in a physical altercation and struggle with two uniformed Gulfport Police Officers and that while he did not see the entire course of events, Virgil "appeared to be winning the struggle while the Officers, both in close range with the male, appeared to physically struggle with wrestling both or one of the man's arms." ¶¶ 7, 8, *Affidavit of Scott Macchio attached as Ex. "M" to Rebuttal in Support of Motion for Summary Judgment*.

[5] Bobby Cook testified during deposition that he did not see a weapon in Virgil's hand. He also testified that Donovant was "an officer out of control." *See Plaintiffs' Response to Defendant" Third Motion To Dismiss* at 4.

Perceiving danger to himself and a fellow officer, Donavant employed deadly force.  Absent competent, admissible summary judgment evidence to the contrary,  Defendants are entitled to qualified immunity as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendants Bill Bennett and Brian Donavant for Summary Judgment pursuant to FED. R. CIV. P. 56, filed July 1, 2005, [169] should be, and is hereby, **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 31th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE